# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| **UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED,**<br><br>    Plaintiffs,<br><br>    v.<br><br>(1)  Cyberlink.com Corp<br>      (dba Texas Cyberlink Corp.);<br>(2)  Informatics Holdings, Inc.<br>      (dba Informatics, Inc., & Wasp Barcode);<br>(3)  Keil Software, Inc;<br>(4)  Bynari Inc.;<br>(5)  Alt-N Technologies, Ltd.;<br>(6)  Absolute Software, Inc.;<br>(7)  TOPS Software Corporation;<br>(8)  Diskeeper Corporation;<br>(9)  Brooks Internet Software, Inc.;<br>(10) BinaryNow, Inc.;<br>(11) Bluebeam Software, Inc;<br>(12) Paraben Corporation;<br>(13) Marware, Inc.;<br>(14) Pixologic, Inc.; and<br>(15) Teklynx International Co.;<br><br><br>    Defendants. | **CIVIL ACTION NO.  6:10cv69**<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

1.   This is a patent infringement action to stop Defendants' infringement of Plaintiff's United States Patent No. 5,490,216 entitled "System for Software Registration" (the "'216 patent") a copy of which is attached hereto as Exhibit A.  Plaintiffs owns all rights, title, and interest in the '216 patent.  Plaintiffs seek injunctive relief and monetary damages against each Defendant.

## PARTIES

2. Uniloc Corp. Pty. Ltd. ("Uniloc Australia") was founded in Australia in 1992. Uniloc (Singapore) Private Limited ("Uniloc Singapore"), a wholly owned subsidiary of Uniloc Australia, is a limited liability company existing under the laws of Singapore. Uniloc Singapore owns all rights, title, and interest in the '216 patent.

3. Uniloc USA, Inc. ("Uniloc USA"), a wholly owned subsidiary of Uniloc Australia, is a corporation founded in 2003 under the laws of the state of Rhode Island. Uniloc USA is the exclusive licensee of the '216 patent. Uniloc USA's global headquarters is located at 2151 Michelson, Suite 100, Irvine, CA 92612. Uniloc USA maintains a sales office in this judicial district in Plano, TX and a place of business also in this judicial district at 100 E. Ferguson Street, Suite 608-A, Tyler, TX 75702.

4. Uniloc (collectively Uniloc USA and Uniloc Singapore) researches, develops, manufactures and licenses security technology solutions, platforms and frameworks, including solutions for securing software and other forms of media such as DVD and audio files. Uniloc's patented technology authenticates the true identity of devices attempting to access digital content and high-value technology assets. Uniloc's technology is used in several markets, including software and game security, identity management, and critical infrastructure security.

5. The '216 patent is generally directed to novel systems and methods for securely registering software and other digital media to prevent illicit copying and software piracy.

6. On information and belief, Cyberlink.com Corp., dba Texas CyberLink Corp. (hereinafter "Texas Cyberlink"), is incorporated under the laws of California, and maintains a place of business in Austin, TX, with its headquarters at 46750 Fremont Blvd., Ste 200, Freemont, CA 95050. This defendant has appointed Shing Wong, its General Manager, at 46750 Fremont Blvd., Suite 200, Fremont, CA 95050 as its agent for service of process.

7. On information and belief, Defendant Informatics Holdings, Inc. (dba Informatics, Inc., and Wasp Barcode) (hereinafter "Informatics") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in this judicial district at 1400 10th St, Plano, TX, 75074. This defendant has appointed Capitol Corporate Services at 800 Brazos, Suite 400, Austin, TX 78701 as its agent for service of process.

8.  On information and belief, Defendant Keil Software, Inc. (hereinafter "Keil"), is a corporation organized and existing under the laws of the State of Texas, with its principal place of business in this judicial district at 4965 Preston Park Blvd, Suite 650 Plano, TX 75093.  This defendant has appointed Jonathan C. Ward at 4965 Preston Park Blvd, Suite 650 Plano, TX 75093 as its agent for service of process.

9.  On information and belief, Defendant Bynari Inc. (hereinafter "Bynari") is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 222 West Las Colinas Blvd., Suite 1320N, Irving, TX 75039.  This defendant has appointed Conrad Kasselman, Esq. at 770 Founders Square, 900 Jackson St., Dallas, TX 75202 as its agent for service of process.

10.  On information and belief, Defendant Alt-N Technologies, Ltd (hereinafter "Alt-N"), is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 2550 SW Grapevine Pkwy, Ste 150, Grapevine, TX 76051.  This defendant has appointed The Corporation Trust Company at 350 North St. Paul St. Dallas, TX 75201 as its agent for service of process.

11. On information and belief, Defendant Absolute Software, Inc. (hereinafter "Absolute") is a corporation organized and existing under the laws of the State of Washington, with its US Headquarters at 11401 Century Oaks Terrace, Suite 430, Austin, TX  78758.  This defendant has appointed JGB Service Corporation, Attention: David L Benson, Esq., 3600 One Union Square, Seattle, WA 98101 as its agent for service of process.

12. On information and belief, Defendant TOPS Software Corporation (hereinafter "TOPS"), is a corporation organized and existing under the laws of the State of Texas, with its principal place of business at 275 W Campbell Rd Ste 600, Richardson, TX, 75080.  This defendant has appointed William J Rehring, its President, at 2400 Belmont Place, Plano, TX 75023 as its agent for service of process.

13. On information and belief, Defendant Diskeeper Corporation, (hereinafter "Diskeeper") is a corporation organized and existing under the laws of the State of California with its principal place of business at 7590 North Glenoaks Blvd, Burbank, CA 91504.  This defendant has appointed Danny Chadwell, its Vice President of Corporate Affairs, at 7590 North Glenoaks Blvd, Burbank, CA 91504 as its agent for service of process.

14. On information and belief, Defendant Brooks Internet Software, Inc., ("Brooks") is a corporation organized and existing under the laws of the State of Idaho with its principal place of business at 1820 E. 17th Street, Suite 330, Idaho Falls, ID 83404. This defendant has appointed David L. Brooks, its President and CEO, at 1820 E. 17th Street, Suite 330, Idaho Falls, ID 83404 as its agent for service of process.

15. On information and belief, Defendant BinaryNow, Inc. (hereinafter "BinaryNow") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 503 13th Avenue South, Jacksonville Beach, FL 32250. This defendant has appointed Thomas C. Pleiman, Jr., at 9471 Baymeadows Road, Suite 308, Jacksonville, FL 32256 as its agent for service of process.

16. On information and belief, Defendant Bluebeam Software, Inc.; ("Bluebeam") is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 766 E. Colorado Blvd., Suite 200, Pasadena, CA 91101. This defendant has appointed Registered Agent Solutions, Inc., at 980 9th St., 16th Floor, Sacramento, CA 95814 as its agent for service of process.

17. On information and belief, Defendant Paraben Corporation (hereinafter "Paraben"), is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 471 East 1000 South, Suite A, Pleasant Grove, UT 84062. This defendant has appointed Utah Registered Agent, Inc. at 90 North 100 East, PO Box 888, Provo, UT 84603 as its agent for service of process.

18. On information and belief, Defendant Marware, Inc. (hereinafter "Marware") is a corporation organized and existing under the laws of the State of Florida with its principal place of business at 2402 Hollywood Blvd., Hollywood, FL 33020. This defendant has appointed Edward W. Martin, its CEO, at as its agent for service of process at 2402 Hollywood Blvd., Hollywood, FL 33020.

19. On information and belief, Defendant Pixologic, Inc ("Pixologic") is a corporation organized and existing under the laws of the State of California with its principal place of business at 6410 Santa Monica Blvd, Los Angeles, CA 90038. This defendant has appointed Jack Rimokh, its Founder, as its agent for service of process at 320 West 31st Street, Los Angeles, CA 90007.

20. On information and belief, Defendant TekLynx International Co. (hereinafter "TekLynx") is a corporation organized and existing under the laws of the State of Wisconsin with its principal place of business at 2221 W. Camden Road, Glendale, WI 53209. This defendant has appointed Frank Jaehnert, the CEO and Director of its parent company, at 6555 W Good Hope Road, Milwaukee, WI 53223 as its agent for service of process.

## JURISDICTION AND VENUE

21. This action arises under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

22. Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b). On information and belief, each Defendant has transacted business in this district, and has committed, induced and/or contributed to acts of patent infringement in this district, including via their websites.

23. On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: each Defendant has minimum contacts within the State of Texas and the Eastern District of Texas, including via their websites, pursuant to due process and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Eastern District of Texas; and Uniloc's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Eastern District of Texas.

24. More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, each Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Each Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Each Defendant has paying customers who are residents of the State of Texas and the Eastern District of Texas and

who each use respective Defendant's products and services in the State of Texas and in the Eastern District of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,490,216

25.  United States Patent No. 5,490,216 ("the '216 Patent") entitled "System for Software Registration." was duly and legally issued by the United States Patent and Trademark Office on February 6, 1996 after full and fair examination.  A true and correct copy of the '216 Patent is attached as Exhibit A.  Uniloc is the owner of all rights, title, and interest in and to the '216 Patent.

26. Upon information and belief, Defendant Texas Cyberlink has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Texas Cyberlink products including, but not limited to the Media Show products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Texas Cyberlink is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

27.  Upon information and belief, Defendant Informatics has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Informatics products including, but

not limited to Wasp Barcode Labeler products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Informatics is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

28.  Upon information and belief, Defendant Keil has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Keil products including, but not limited to the C51, C166, C251, and CARM products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Keil is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

29. Upon information and belief, Defendant Bynari has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Bynari products including, but not limited to the Insight Connector products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is

replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Bynari is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

30. Upon information and belief, Defendant Alt-N has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed. Upon information and belief, multiple Alt-N products including, but not limited to the MDaemon products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Alt-N is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

31. Upon information and belief, Defendant Absolute has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed. Upon information and belief, multiple Absolute products including, but not limited to the Computrace LoJack for Laptops products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is

generated by the registration system. Defendant Absolute is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

32. Upon information and belief, Defendant TOPS has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed. Upon information and belief, multiple TOPS products including, but not limited to the TOPS Pro products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant TOPS is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

33. Upon information and belief, Defendant Diskeeper has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed. Upon information and belief, multiple Diskeeper products including, but not limited to the Diskeeper 2010 products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Diskeeper is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

34. Upon information and belief, Defendant Brooks has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Brooks products including, but not limited to the INTELLIscribe products use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Brooks is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

35. Upon information and belief, Defendant BinaryNow has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple BinaryNow products including, but not limited to the PureSurf products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant BinaryNow is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

36. Upon information and belief, Defendant Bluebeam has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the

United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Bluebeam products including, but not limited to the PDF Revu products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Bluebeam is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

37. Upon information and belief, Defendant Paraben has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Paraben products including, but not limited to the Sim Card Seizure products use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Paraben is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

38. Upon information and belief, Defendant Marware has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure

has been followed.  Upon information and belief, multiple Marware products including, but not limited to the Project X software products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Marware is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

39.  Upon information and belief, Defendant Pixologic has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, Pixologic products including, but not limited to the Zbrush products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the software on a computer on which the software is to be installed.  The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system.  Defendant Pixologic is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

40.  Upon information and belief, Defendant Teklynx has been and now is directly infringing, and indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '216 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell software products that utilize a method and/or system of activating such software products, allowing the software to run in a unrestricted use mode on a computer platform only when an appropriate licensing procedure has been followed.  Upon information and belief, multiple Teklynx products including, but not limited to the CodeSoft products, use a registration system generating a security key from information input to the software which uniquely identifies an intended registered user of the

software on a computer on which the software is to be installed. The registration system is replicated at a registration authority for the purpose of verifying whether the information unique to the user is correctly entered at the time that the security key is generated by the registration system. Defendant Teklynx is thus liable for infringement of the '216 Patent pursuant to 35 U.S.C. § 271 (a), (b) & (c).

41. On information and belief, to the extent any marking was required by 35 U.S.C. § 287, all predecessors in interest to the '216 Patent complied any with such requirements.

42. To the extent that facts learned in discovery show that Defendants' infringement of the '216 patent is or has been willful, Uniloc reserves the right to request such a finding at time of trial.

43. As a result of these Defendants' infringement of the '216 Patent, Uniloc has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

44. Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '216 Patent, Uniloc will be greatly and irreparably harmed.

## **PRAYER FOR RELIEF**

WHEREFORE, Uniloc respectfully requests that this Court enter:

1. A judgment in favor of Uniloc that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '216 Patent, and that such infringement was willful;

2. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '216 Patent;

3. A judgment and order requiring Defendants to pay Uniloc its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '216 Patent as provided under 35 U.S.C. § 284;

4. An award to Uniloc for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

5. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Uniloc its reasonable attorneys' fees; and

6. Any and all other relief to which Uniloc may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Uniloc, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Respectfully Submitted,

**UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED**

Dated:  March 1, 2010              By:  /s/ T. John Ward, Jr.

T. John Ward, Jr.
Texas State Bar No. 00794818
WARD & SMITH LAW FIRM
111 W. Tyler Street
Longview, Texas 75601
Telephone:  (903) 757-6400
Facsimile:  (903) 757-2323
E-mail: jw@jwfirm.com

Eric M. Albritton
Texas State Bar No. 00790215
ALBRITTON LAW FIRM
P.O. Box 2649
Longview, Texas 75606
Telephone: (903) 757-8449
Facsimile: (903) 757-7397
E-mail: ema@emafirm.com

James L. Etheridge
Texas State Bar No. 24059147
ETHERIDGE LAW GROUP, PLLC
2600 E. Southlake Blvd, Suite 120 / 324
Southlake, TX   76092
Telephone: (817) 470-7249
Facsimile: (817) 887-5950
E-mail: Jim@EtheridgeLaw.com

**ATTORNEYS FOR PLAINTIFFS UNILOC USA, INC. and UNILOC (SINGAPORE) PRIVATE LIMITED**